**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00724-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan C. Patterson, | |
| Defendant. | |

Defendant filed a *Daubert* Motion to Exclude Plaintiff's Witness Renee McClain as Expert Witness (Doc. 25) and a *Daubert* Motion to Exclude Plaintiff's Witness Debra Steele as Expert Witness (Doc. 28). He then moved to amend both of those motions (Docs. 34, 33, respectively). The government filed a Response to both motions (Doc. 31) and Defendant filed a consolidated Reply (Doc. 32). The Court will grant Defendant's Motions to Amend, and will grant in part and deny in part his Motions to preclude. It also will grant the government's unrelated Motion to Withdraw Document 51 (Doc. 55). It will address Defendant's remaining motions in a separate Order.

### I. PROCEDURAL POSTURE

In preparation for trial in this matter, the government filed a Notice of Expert Witnesses (Doc. 24). Although the government stated that Ms. Steele's and Ms. McClain's testimony was factual in nature, it also identified each of them "as a potential 'expert' in an abundance of caution." (Doc. 24 at 1, 2.) The government stated that

> Ms. McClain will testify about how the IRS collects, analyzes, and stores tax records in the normal course of business, and how entries are recorded on IRS transcripts of account.

(Doc. 24 at 2.)[1] As to Ms. Steele, the government advised

> [s]he may be called to testify regarding a determination of [Defendant]'s taxable income for years 2013-2016.
>
> Steele will summarize and explain the process of assessing and collecting federal taxes, and other tax related terminology and events. She may testify as to the process and terminology associated with the filing [sic] tax returns and may discuss the different forms used when filing taxes.
>
> She may further testify as to how tax returns are prepared, and explain how the various income, credits, deductions, expenses, and other variables impact a taxpayer's ultimate tax liability. She may specifically talk about how she determined [Defendant]'s unpaid tax liability, as [Defendant] never reported his substantial income from his businesses. She will testify about [Defendant]'s significant tax due and owing determined by a bank account deposit analysis. She may also prepare summary exhibits to reflect the determination of tax liability for the years in question.

(Doc. 24 at 1-2.)

Defendant argues that Ms. McClain should not be designated an expert witness because nothing the government states it expects her to testify to in the Notice is the proper subject of expert testimony. (Doc. 34 at 2.) In seeking to exclude Ms. Steele as an expert witness, Defendant similarly asserts that among the government's descriptions of subject matter to which it expects her to testify, none of it constitutes expert opinion testimony. (Doc. 33 at 2.) Additionally, Defendant argues that where the areas the government

---

[1] The government also offered that Ms. McClain's principal function as a witness would be as the IRS custodian of records who would lay foundation for the agency records it would seek to admit in the matter. The parties are in agreement, as they must be, that such testimony is factual in nature and does not implicate FRE 702 or any expert notice requirement under Fed. R. Crim. P 16. The Court therefore excludes it from the analysis in the body of this Order.

describes in its Notice are other than testimony about the bank deposits analysis Ms. Steele performed to calculate Defendant's taxable income, those areas "are outside the scope of Plaintiff's theory of the case" and should be excluded. (Doc. 33 at 2, 10-12.)

## II.   LAW AND ANALYSIS

The government must provide to a requesting Defendant in any criminal matter "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial." Rule 16(a)(1)(G), Fed. R. Crim. P. Such summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id*.

Rule 702 provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)  the testimony is based on sufficient facts or data;
>
> (c)  the testimony is the product of reliable principles and methods; and
>
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

Rule 702, Fed. R. Evid. ("FRE 702").

### A. Testimony of Ms. McClain

The Court agrees with Defendant that none of Ms. McClain's noticed testimony qualifies as expert opinion testimony. "How the IRS collects, analyzes, and stores tax records in the normal course of business, and how entries are recorded on IRS transcripts" may well be specialized knowledge beyond the ken of all except those who work in the tax profession, but it is not opinion testimony. It is merely the relation of factual information,

1   which does not implicate FRE 702. The Court thus will grant Defendant's Motion to
2   exclude expert opinion testimony by Ms. McClain, although, as Defendant acknowledges,
3   this ruling will not impact Ms. McClain's ability to testify as to any of these matters as a
4   fact witness, subject to compliance with the other rules of evidence.

### B.  Testimony of Ms. Steele

The Court observes that the subject matter areas of expected testimony the government has noticed for Ms. Steele, like those it noticed for Ms. McClain, do not appear to contain any opinions. Rather, the notice advises the government expects Ms. Steele to testify to rules, procedures and practices that she or other IRS employees are trained to follow to calculate tax liability and effect collections—in other words, fact witness testimony. The government acknowledges as much. And to the extent Defendant argues Ms. Steele's calculation of Defendant's tax liability is her opinion (Doc. 33 at 2), the Court disagrees. Ms. Steele's calculations follow a formula comprised of steps which may be laid out before the factfinder. Both parties will be allowed to examine her on whether she followed the appropriate process, and the jury will determine whether it accepts or rejects her method in light of the law the Court will provide and all the other evidence. Thus the Court will grant Defendant's Motion at Doc. 28 insofar as he seeks to exclude *expert* testimony from Ms. Steele as currently noticed. But Defendant's Motion goes further than that.

Defendant also seeks to preclude all *fact* testimony by Ms. Steele beyond her calculation of Defendant's taxable income based on her bank deposits analysis. According to Defendant, any other testimony is "outside the scope of Plaintiff's theory of the case" (Doc. 33 at 2, 10-12) and therefore precluded by FRE 403. Defendant's argument fails in the context of the instant Motion for several reasons. First, the Court has no difficulty concluding that a summary and explanation of "the process of assessing and collecting federal taxes"; "tax related terminology and events"; "the process and terminology associated with filing tax returns"; "the different forms used when filing taxes"; "how tax returns are prepared"; and how "income, credits, deductions, expenses and other variables

impact a taxpayer's ultimate tax liability" all might provide helpful background and information to the jury in this matter. The Court cannot know whether any or all of the noticed testimony meets the requirements of FRE 404 or 403 outside the specific context of such questioning, and thus would deny the categorical exclusion for which Defendant moves on this basis alone. Moreover, the Court is unaware of any caselaw supporting Defendant's assertion that he gets to frame "the scope of Plaintiff's theory of the case" (Doc. 33 at 2), nor has Defendant proffered any. To the extent Defendant's other pending Motions argue for the exclusion of the above or any other evidence on the basis of non-disclosure or other recognized law, the Court will consider that argument when it addresses the pending motions.

**IT IS HEREBY ORDERED** granting Defendant's Motions to Amend his Motions at Doc. 25 and 28 (Docs. 33, 34).

**IT IS FURTHER ORDERED** granting Defendant's *Daubert* Motion to Exclude Plaintiff's Witness Renee McClain as Expert Witness (Doc. 25). Ms. McClain may not provide expert opinion testimony but may testify as a fact witness.

**IT IS FURTHER ORDERED** granting in part and denying in part Defendant's *Daubert* Motion to Exclude Plaintiff's Witness Debra Steele as Expert Witness (Doc. 28) as set forth in detail above. Ms. Steele may not provide expert opinion testimony but may testify as a fact witness.

**IT IS FURTHER ORDERED** granting the government's unrelated Motion to Withdraw Document 51 (Doc. 55). The government's Response at Doc. 51 is withdrawn.

Dated this 16th day of May, 2022.

Honorable John J. Tuchi
United States District Judge